UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CARLOS TIERRANEGRA, JR.,<br>    PLAINTIFF,<br><br>v.<br><br>JPMC SPECIALITY MORTGAGE LLC.<br>AND SUBSTITUTE TRUSTEE, SANDRA<br>MENDOZA,<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§   Civil Action No. 7:18-cv-347<br>§<br>§<br>§<br>§ |

### DEFENDANT JPMC SPECIALTY MORTGAGE LLC'S NOTICE OF REMOVAL

Defendant JPMC Specialty Mortgage LLC (Chase) files its Notice of Removal of this action from the County Court at Law Number Five of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, the district and division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Chase respectfully shows this Court as follows:

1.  On June 4, 2018, plaintiff Carlos Tierranegra, Jr. (Tierranegra or Plaintiff) filed a lawsuit in the County Court at Law Number Five of Hidalgo County, Texas, styled *Carlos Tierranegra, Jr. vs. JPMC Specialty Mortgage LLC. and Substitute Trustee, Sandra Mendoza,* where it was assigned cause number CL-18-2417-E.

2.  Chase has not been served with a citation. Removal is timely because thirty days have not elapsed since Chase was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). According to the state court records, to date no citation has been issued

to Chase and no return of service is on file.[1]

3. A copy of this notice of removal will be filed with the County Court at Law Number Five of Hidalgo County, Texas and served on Tierranegra.

4. In accordance with Local Rule 81, a copy of all processes, pleadings, orders signed by the state judge, the state court docket sheet, a complete list of all counsel of record, and an index of such documents are attached collectively as Exhibit A. Chase has also filed contemporaneously with this notice a civil cover sheet.

## GROUND FOR REMOVAL: FEDERAL QUESTION

5. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States.

6. Tierranegra asserts claims based upon alleged violations of the Home Affordable Modification Program (HAMP) guidelines, 12 U.S.C. § 5219. Specifically, Tierranegra alleges Chase failed to honor its agreements with Tierranegra to modify his mortgage loan under HAMP and prevent foreclosure.[2] Because Tierranegra's HAMP allegations arise under a federal statute, this Court has federal question jurisdiction and removal is proper.

## GROUND FOR REMOVAL: DIVERSITY

7. This Court also has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

   (a) The amount in controversy exceeds the federal minimum jurisdictional requirements.

8. Tierranegra seeks an injunction to prevent Chase from foreclosing, selling, or

---

[1] *See* Ex. A-2.
[2] *See* Ex. A-3, at 6 § IX.

attempting to sell the real property located at 5801 N. 39th Street, McAllen, Hidalgo County, Texas 78501 (the Property) or evicting Tierranegra from the Property.[3]

9. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Specifically, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013). Where the injunctive relief sought would prohibit foreclosure, the value of the property determines the amount in controversy. *Id.*; *Manrique v. Bank of Am. Corp.*, 1:15-CV-47, 2015 WL 12743608, at *2-3 (S.D. Tex. Oct. 23, 2015).

10. Tierranegra also seeks to set aside any foreclosure sale that occurred and damages.[4] Where the plaintiff seeks an order setting aside or rescinding a foreclosure sale and restoring title of the property, the property's value determines the amount in controversy. *See Griffin v. HSBC Bank USA, et. al.*, No. 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (citing *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977)). When the right to real property is in question, the value of the property determines the jurisdictional amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

11. Because Tierranegra seeks injunctive relief to prohibit Chase from selling the Property at a foreclosure sale or obtaining possession of the Property or, alternatively, a judgment setting aside any foreclosure sale that occurred and restoring title in him, the amount in controversy includes the Property's value. *Id.*

12. According to the Hidalgo Central Appraisal District, the Property's estimated

---

[3] *See* Ex. A-3, at 7-8.
[4] *See* Ex. A-3, at 7-8.

market value is $84,201.[5]

13. Tierranegra also seeks unspecified damages and attorney's fees.[6] Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) Complete diversity between Tierranegra and Chase exists.

14. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Tierranegra was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. Accordingly, Tierranegra is citizen of Texas.

15. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Chase is a Delaware limited liability company whose sole member is JPMorgan Chase Bank, N.A. JPMorgan Chase Bank, N.A. is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of

---

[5] *See* Ex. B. "District courts have routinely relied on [appraisal district's valuation] to establish the amount in controversy." *Dunn v. Midland Mortg.*, No. H-13-3516, 2014 WL 683854, at *2 (S.D. Tex. Feb. 20, 2014) (citing *Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-2417-B, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (collecting cases holding appraisal valuations as competent evidence to establish the amount in controversy)); *Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978, n.4 (S.D. Tex. Apr. 23, 2012) (noting that a court may take judicial notice of the appraised fair-market value of property under Rule 201 because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned and also noting that a "printout from the Harris Central Appraisal District's website is a public record under Rule 803(8)").
[6] *See* Ex. A-3 at 7-8.

Ohio.

                (c)     Defendant substitute trustee Sandra Mendoza was improperly joined.

16. Defendant substitute trustee Sandra Mendoza (Mendoza) was improperly joined and, therefore, her citizenship should be disregarded for purposes of diversity jurisdiction.

17. It is well-established that the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc*., 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co*., 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing actual fraud in pleading jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross v. CitiFinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

18. Substitute trustee Mendoza was improperly joined to defeat diversity jurisdiction because Tierranegra does not and cannot establish a single cause of action against her. In fact, Tierranegra's only allegations concerning Mendoza are that: (1) the defendants failed to provide written notice of default as required under the Texas Property Code;[7] (2) the "Defendants failed to provide Tierranegra the right to cure period;"[8] and (3) the "Defendants have not made a due

---

[7] *See* Ex. A-3, at 3 ¶ H and 5 § VII.
[8] *See* Ex. A-3, at 3 ¶ I.

diligent effort to allow Tierranegra to bring the account current."[9] Tierranegra fails to allege facts that would demonstrate any right to relief against Mendoza.

19. Mendoza has no obligation to provide any notice of default or opportunity to cure under the deed of trust or Texas Property Code section 51.002. Instead, the Texas Property Code section 51.002 provides that a mortgage servicer—not a deed of trust trustee—must serve written notice of default on a debtor in certain circumstances. Tex. Prop. Code § 51.002(b), (d).

20. Similarly, Tierranegra's general allegation that Mendoza failed to make a due diligent effort to allow Tierranegra to bring his mortgage account current fails to demonstrate any plausible claim for relief against Mendoza, who is merely a trustee under the deed of trust.

21. As Mendoza was named in her capacity as substitute trustee and Tierranegra alleges no facts that would demonstrate any plausible right to relief against her, she is not a necessary party to this suit. *See* Tex. Prop. Code § 51.007. Accordingly, for purposes of determining diversity jurisdiction, Mendoza's citizenship should be disregarded because she was improperly joined.

22. Mendoza's consent to this removal is not required because, as discussed above, she was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

23. Accordingly, because the amount in controversy exceeds $75,000 and Tierranegra is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action under 28 U.S.C. § 1332. Removal is therefore proper.

Chase prays that the above-described action now pending in the County Court at Law Number Five of Hidalgo County, Texas be removed to this Court.

---

[9] *See* Ex. A-3, at 3 ¶ K.

>                                  Respectfully submitted,
>
>                                   */s/ Wm. Lance Lewis*
>                                  WM. LANCE LEWIS, Attorney-in-Charge
>                                  Texas Bar No. 12314560
>                                  S.D. Bar No. 28635
>                                  R. KENDALL YOW
>                                  Texas Bar No. 24066806
>                                  S.D. Bar No. 1533937
>                                  QUILLING, SELANDER, LOWNDS,
>                                     WINSLETT & MOSER, P.C.
>                                  2001 Bryan Street, Suite 1800
>                                  Dallas, Texas 75201
>                                  214-880-1833 Telephone
>                                  214-871-2111 Facsimile
>                                  llewis@qslwm.com
>                                  kyow@qslwm.com
>
>                                  ATTORNEYS FOR DEFENDANT
>                                  JPMC SPECIALTY MORTGAGE LLC

### CERTIFICATE OF SERVICE

This is to certify that on November 8, 2018 a true and correct copy of the foregoing document has been furnished to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Juan Angel Guerra
THE LAW OFFICE OF JUAN ANGEL GUERRA
1021 Fair Park
Harlingen, Texas 78550

>                                   */s/ R. Kendall Yow*
>                                  R. Kendall Yow