UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARLOS TIERRANEGRA JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-347 |
| | § | |
| JPMC SPECIALTY MORTGAGE LLC, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is JPMC, Specialty Mortgage L.L.C.'s ("Defendant") motion to dismiss.[1] Carlos Tierranegra Jr. ("Plaintiff") has not responded. After duly considering the record and relevant authorities, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's action **WITH PREJUDICE**.

### I. BACKGROUND

This is a foreclosure case. Plaintiff executed a note and deed of trust held by Defendant and secured against Plaintiff's property.[2] Plaintiff alleges that he was able to make payments for over thirteen years, and that Plaintiff "stayed behind on a few payments . . . but Defendant[] refused to take any late payments."[3] Yet, Plaintiff also alleges that Defendant "established a course of dealing with Plaintiff of accepting said Plaintiff's late payments."[4] Plaintiff additionally alleges he never received a demand letter and that Defendant failed to provide

---

[1] Dkt. No. 4.
[2] Dkt. No. 1-1 p. 11, ¶ C. (the property is legally described as "Lot 71 Forest Valley Subdivision, An Additional to the City of McAllen, Hidalgo County, Texas, According to the Map or Plat Thereof Recorded in Volume 37, Page 172, Map Records, Hidalgo County, Texas.").
[3] *Id.* ¶ E.
[4] *Id.* ¶ F.

Plaintiff the right to cure period as required under Texas law.[5] The property was set to be foreclosed on June 5, 2018.[6]

On June 4, 2018—the day before the scheduled foreclosure sale—Plaintiff, in a *pro se* capacity, filed a petition in state court.[7] Plaintiff sought, and was granted, a temporary restraining order to prevent the foreclosure sale.[8] On the facts alleged, Plaintiff brings claims based on waiver, the breach letter, violations of the Texas Property Code, and the Home Affordable Modification Program ("HAMP").[9] Plaintiff seeks damages, injunctive relief, and attorney's fees.[10]

Defendant removed to federal court on the basis of diversity, federal question, and supplemental jurisdiction,[11] and filed the instant motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rules") 8 and 12(b)(6).[12] Plaintiff failed to respond and the time for doing so has passed, rendering the motion unopposed under the operation of Local Rules.[13] The Court now turns to its analysis.

## II.  LEGAL ANALYSIS

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the

---

[5] *Id.* ¶¶ H–I.
[6] *Id.* at p. 11, ¶ D.
[7] *See* Dkt. No. 1-1.
[8] *Id* at p. 28 (temporary restraining order entered on June 4, 2018).
[9] *Id.* at pp. 12–15.
[10] *Id.* at p. 16.
[11] Dkt. No. 1. Plaintiff's complaint also names substitute trustee "Sandra Mendoza" as defendant, but Defendant removed on the basis that Sandra Mendoza was improperly joined.
[12] Dkt. No. 4.
[13] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (a motion is deemed unopposed if the non-movant does not respond within twenty-one days).
[14] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008) (internal quotations omitted).

elements."[15] The Court regards all well-pled facts as true; however conclusory allegations are not entitled to the same presumption of truth.[16] These well-pled facts are viewed in the light most favorable to the plaintiff.[17] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief.[18]

As to any question of state law, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[19] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[20]

The general rule is that "in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint."[21] However, a court may refer to matters of public record, and any document relied on by the plaintiff.[22] Here, Defendant requests the Court take judicial notice of the deed of trust ("Deed of Trust") which is a public record and central to Plaintiff's claims.[23] As a result, the Court may consider the Deed of Trust during its analysis.

### III. ANALYSIS

Defendant argues each of Plaintiff's allegations fails to state a claim upon which relief can be granted. Defendant argues that there is no cause of action under HAMP; that Plaintiff failed to allege a cognizable breach of contract claim; that Plaintiff's allegations under the Texas

---

[15] *See Twombly*, 550 U.S. at 555.
[16] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[17] *Id.*
[18] *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.
[19] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[20] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[21] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotation marks and citation omitted).
[22] *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[23] *See* Dkt. No. 4-1 (Deed of Trust, a public record, judicially noticed pursuant to Fed. R. Evid. 201(c)(2)).

Property Code are conclusory; and that waiver is not an independent cause of action in Texas.[24] Defendant also argues that Plaintiff is not entitled to injunctive relief or damages.[25]

The Court agrees with Defendant. Plaintiff did not respond to this motion to dismiss, and thus, under the Local Rules, is unopposed to the dismissal of this action. Nonetheless, the Court explains its reasoning as follows.

### A. Waiver

Plaintiff alleges that "some payments were made late during the life of the loan. Regardless of the late payments, [Defendant] has established a course of dealing of accepting said Plaintiff's late payments."[26] The Court construes this as an allegation that Defendant waived its right to foreclose by accepting late payments. However, Plaintiff's complaint makes contradictory statements about whether Defendant accepted late payments. Plaintiff alleges that Defendant both "refused to take any late payment" and "established a course of dealing . . . of accepting . . . late payments."[27] Regardless of their contradictory nature, these allegations are insufficient to establish waiver.

Waiver is not an independent cause of action in Texas.[28] Waiver is "defensive in nature" and operates to prevent the loss of existing rights and not to create liability where it does not otherwise exist.[29] Even assuming, *arguendo*, that waiver is an independent cause of action, in order to establish waiver, the conduct of the mortgagor as a whole must be inconsistent with the

---

[24] Dkt. No. 4.
[25] *Id.*
[26] Dkt. No. 1-1 pp.12–13.
[27] *Id.* at p. 11, ¶ E; pp. 11–12, ¶ H.
[28] *See e.g., Manriquez v. Wells Fargo Bank, N.A.*, No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538 at *6 (S.D. Tex. Mar. 16, 2017); *Franklin v. BAC Home Loans Servicing, LP*, 3:10-CV-1174-M, 2012 U.S. Dist. LEXIS 93719, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), report and recommendation adopted, 3:10-CV-1174-M, 2012 U.S. Dist. LEXIS 93718, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citing *Thomas v. Compass Bank*, 2002 Tex. App. LEXIS 4427, 2002 WL 1340333, at *4 (Tex.App.-Houston [1st Dist.] June 20, 2002, no pet.)).
[29] *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988).

right to foreclose.[30] The elements of waiver include (1) an existing right held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.[31] In this analysis, the essential element of establishing waiver is clear intent to relinquish the right.[32] The Fifth Circuit has noted: "Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose."[33]

Here, Plaintiff makes no allegation to show that Defendant intended to relinquish its right to foreclose. Even taking Plaintiff's contradictory statements in the light most favorable to Plaintiff, mere acceptance of late payments is not inconsistent with Defendant maintaining its right to foreclose. Indeed, Defendant's current foreclosure attempt indicates Defendant wished to maintain its right to foreclose.

Additionally, Defendant asks the Court to judicially notice the Deed of Trust.[34] The Deed of Trust contains a non-waiver clause which states, in part: "Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Success in Interest of Borrower in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy."[35] This

---

[30] *See Watson v. CitiMortgage, Inc.*, No. 12-41009, 2013 WL 2468035 at *2 (5th Cir. June 10, 2013) ("Texas courts have [] made it clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose.").
[31] *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).
[32] *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137 at *7 (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003)).
[33] *Watson v. CitiMortgage, Inc.*, 530 Fed. Appx. 322, 326 (5th Cir. 2013).
[34] *See* Dkt. No. 4-1.
[35] *Id.* p. 6, ¶ 11.

expressly indicates that Defendant did not intend to relinquish its rights if it accepted late payments.[36]

Thus, even assuming Defendant accepted late payments, Plaintiff has failed to put forth a cognizable claim. Waiver is not an independent cause of action, and in any case, Defendant did not waive its foreclosure right. Thus, the waiver claim is **DISMISSED WITH PREJUDICE**.

### B.     Breach Letter

Plaintiff's petition also contains a section entitled "The Breach Letter," in which Plaintiff states, "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that their [sic] loan is in default before it can accelerate the loan and proceed with foreclosure."[37] The Court construes this section as alleging a breach of contract claim. Defendant argues that, to the extent that Plaintiff intends this as a breach of contract claim, Plaintiff's allegations fail to satisfy the pleading standard under Texas law for such a claim.

Plaintiff's complaint fails to allege facts supporting the elements of a breach of contract claim. A breach of contract claim has the following essential elements in Texas: "(1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach."[38]

Here, Plaintiff concedes he failed to perform under the terms of the contract (the second element) by failing to make the necessary payments, and for that reason alone his claim is not cognizable.[39]

---

[36] *See Manriquez v. Wells Fargo Bank, N.A.,* No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538, at *8 (S.D. Tex. Mar. 16, 2017*)* ("[T]he existence of a non-waiver agreement strongly suggests lack of intent of lienholder to waive rights otherwise held under the contract . . . .").
[37] Dkt. No. 1-5 pp. 5–6.
[38] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[39] The Court notes Defendant does not contest the first element—the existence of a valid contract—and in fact attaches the Deed of Trust. *See* Dkt. No. 4-1.

Plaintiff's complaint additionally does not satisfy the third element. The Fifth Circuit has explained "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."[40] The complaint states that the Deed of Trust constitutes a contract and Defendant breached the Deed of Trust; however, the complaint does not identify the specific provision(s) in the Deed of Trust which were breached by Defendant's conduct.

Finally, Plaintiff's complaint fails to satisfy the fourth element. Plaintiff requests that Defendant be found liable for damages, including for Plaintiff's loss of credit in the past and in the future.[41] Texas courts do recognize that loss of credit is recoverable as actual damages,[42] but to recover for loss of credit "[t]here must be a showing of injury, as well as proof of the amount of that injury."[43] Here, it is undisputed that a foreclosure did not occur, and Plaintiff remains in possession of the property. Plaintiff's speculative allegation regarding the potential loss of credit is not sufficient to satisfy the fourth element of a breach of contract claim.

For these reasons Plaintiff's complaint does not state the necessary elements of a breach of contract claim and it must be **DISMISSED WITH PREJUDICE**.

### C. Texas Property Code Violations

The Court finds that Plaintiff's claims under the Texas Property Code are meritless. Plaintiff alleges the following:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendant[] did not comply with said requirement pursuant to the Texas Property Code.[44]

---

[40] *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014).
[41] Dkt. No. 1-1 p. 16.
[42] *Mead v. Johnson Grp.*, 615 S.W.2d 685, 688 (Tex. 1981).
[43] *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 872 (Tex. App.—Dallas 2008).
[44] Dkt. No. 1-1 p. 18 (under the heading "Notice of Default and Intent to Accelerate").

Plaintiff does not cite any particular provision of the Texas Property Code, but he is clearly referencing § 51.002(d), which provides: "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given."[45] There is no claim under § 51.002(d) where no foreclosure has taken place.[46] Because Plaintiff's complaint does not indicate that a foreclosure sale has taken place, his complaint fails to state a claim under § 51.002(d).

Furthermore, courts have found that § 51.002 does not provide *any* independent cause of action because it does not "contain its own enforcement mechanism."[47] Rather, "federal courts have construed claims under section 51.002 to be wrongful foreclosure claims."[48] There can be no wrongful foreclosure when no foreclosure has taken place.[49] Accordingly, Plaintiff's § 51.002 claim fails even if it is construed as a wrongful foreclosure claim, again because no foreclosure sale occurred.

Consequently, Plaintiff's claims based on the Texas Property Code are **DISMISSED WITH PREJUDICE.**

### D. HAMP

Plaintiff alleges, under a heading entitled "Home Affordable Modification Program ('HAMP')" that Defendant failed "to honor its agreements with Plaintiff to modify his mortgage

---

[45] Tex. Prop. Code §51.002(d) (West).
[46] S*ee also Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002 (b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.") (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)).
[47] *See e.g., Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).
[48] *Id*. (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012).
[49] *See Manriquez v. Wells Fargo Bank, N.A.*, No. 7:18-CV-00012, 2018 U.S. Dist. LEXIS 44207, at *5 (S.D. Tex. Mar. 19, 2018); *see also Biggers v. BAC Home Loans Servicing,* LP, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

and prevent foreclosure."[50] However, Plaintiff provides no further information regarding whether any agreement to modify the loan was reached, and, if so, the contents of that agreement. Based on these allegations, it is somewhat unclear whether Plaintiff is seeking to bring a claim under HAMP, a common law contract claim regarding loan modification, or both.

Regardless, Plaintiff's complaint fails to state a claim upon which relief can be granted. First, courts have found that there is no private right of action under HAMP.[51] Second, Plaintiff's allegations do not satisfy the statute of frauds. In Texas, a loan agreement in which the amount involved exceeds $50,000 in value —as is the case here[52]—is not enforceable under the statute of frauds unless the agreement is in writing and signed by the party to be bound.[53] Plaintiff has the burden of proving that the statute of frauds is satisfied.[54] Plaintiff plainly fails to meet this burden. Thus, any alleged loan modification fails to state a claim upon which relief can be granted, either under HAMP or under the common law.

Accordingly, Plaintiff's HAMP claim must be **DISMISSED WITH PREJUDICE.**

### E. Injunctive Relief

Plaintiff requests a judgment preventing foreclosure of the property.[55] Plaintiff, thus, is requesting additionally injunction relief beyond the temporary restraining order granted in state

---

[50] Dkt. No. 1-1 p. 15.
[51] *See, e.g., Kiper v. BAC Home Loans Servicing*, LP, 884 F. Supp. 2d 561, 572-73 (S.D. Tex. 2012), aff'd sub nom. *Kiper v. BAC Home Loans Servicing*, L.P., 534 F. App'x 266 (5th Cir. 2013); *Emiabata v. Bank of N.Y. Mellon Tr. Co. N.A.*, No. A-17-CV-1101-SS-ML, 2017 U.S. Dist. LEXIS 218413, at *7 (W.D. Tex. Nov. 30, 2017); *Cade v. BAC Home Loans Servicing,* LP, No. H-10-4224, 2011 U.S. Dist. LEXIS 65045, at *7-9 n.2 (S.D. Tex. June 20, 2011); *Godfrey v. Wells Fargo & Co.*, No. 5:16CV79-RWS-CMC, 2017 U.S. Dist. LEXIS 31187, at *19 (E.D. Tex. Jan. 9, 2017); *Geske v. Wells Fargo Bank, Nat'l. Ass'n*, No. 3:11-CV-3337-L, 2012 U.S. Dist. LEXIS 51500, 2012 WL 1231835, at *6 (N.D. Tex. Apr. 12, 2012) ("the vast majority of courts . . . have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers").
[52] Dkt. No. 1-1 p. 11 ("Plaintiff executed a promissory noted in the original principle amount of . . . $76,230.00.").
[53] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014)(citing Tex Bus. & Com. Code Ann. § 26.02(b)); *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013) *Fed. Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442, 35 Tex. Sup. Ct. J. 184 (Tex. 1991).
[54] *Hugh Symons Grp. v. Motorola, Inc.,* 292 F.3d 466, 469 (5th Cir. 2002).
[55] Dkt. No. 1-1 p. 20.

court. To the extent this is intended as a request for injunctive relief, Plaintiff states no cognizable claim. Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits.[56] Plaintiff has stated no viable cause of action, thus injunctive relief in not warranted here. Consequently, Plaintiff's request for injunctive relief is **DISMISSED WITH PREJUDICE**.

### IV. HOLDING

For the foregoing reasons, Defendant's motion to dismiss[57] is **GRANTED**; and Plaintiff's entire action is **DISMISSED WITH PREJUDICE**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of January, 2019.

_____
Micaela Alvarez
United States District Judge

---

[56] *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Ashton v. BAC Home Loans Servicing*, L.P., 4:13-CV-810, 2013 WL 3807756, at *7 (S.D. Tex. July 19, 2013) (denying motion for temporary injunction as moot after granting the defendant's motion to dismiss).
[57] Dkt. No. 4.